**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| IRAKO JA KONGARI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  25-04575 (UNA) |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF COMMERCE *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, submitted a complaint and an application to proceed *in forma pauperis* (IFP).  For the following reasons, the Court grants the IFP application and dismisses the complaint.

I.

As established before,

> Plaintiff identifies himself as a Maipuri Arauan Nation . . . tribal and national citizen and an indigenous Arawak American.  As such, he allegedly is a foreigner and alien to the United States. According to plaintiff, the United States Census Bureau and its parent agency, the United States Department of Commerce, are erroneously "classif[ying] [him] as 'negro' in [their] official records," thereby "forcing [a] fraudulent identity upon" him for the purposes of "oppress[ing]" him and placing him "in a perpetual state of apartheid and disenfranchisement." Defendants allegedly refuse to modify their records to reflect plaintiff's status as American Aborigine. Plaintiff brings this action under the Alien Tort Statute ("ATS"), and demands adjustment of defendants' records and an award of $10 million, for "each year of identity fraud."

*Kongari v. United States Department of Commerce*, No. 24-1919 (UNA), 2025 WL 785220, at *1 (D.D.C. March 11, 2025) (internal record citations omitted).  In this action captioned "Complaint and Request for Injunction" and styled "Alien tort Statute Claim Article III," Plaintiff alleges the same basic facts but adds as defendants the State of Georgia and certain Georgia municipalities,

the State of Alaska and certain Alaska municipalities, and individual judges and officials in both States where the alleged events giving rise to this action occurred.  Compl., ECF No. 1 at 2-3, 19; *see id*. at 24-55 (incorporated Verified Amended  Complaint).

Plaintiff claims "damage to background, family, tribe, and broken relationship with [his] children." *Id*. at 20.  He seeks the immediate return of his children, a "permanent injunction against trespassers listed" in the complaint, the return of his "property and files," correction of his "identity records to reflect his true status as an indigenous American aborigine descendant of the Americas," an order enjoining "further actions interfering with the sovereignty of the Prehistoric Kongari Nation & Maipuri Arauan Nation," corresponding declaratory relief, and an unspecified amount of compensatory and punitive damages for "emotional distress" and "loss of liberty."  *Id*. at 20, 54.

## II.

Under the doctrine of sovereign immunity, the United States and U.S. agencies are immune from suit absent "clear congressional consent[.]"  *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Albrecht v. Comm. on Employee Benefits of Fed. Reserve Employee Benefits Sys*., 357 F.3d 62, 67 (D.C. Cir. 2004) (federal agencies and instrumentalities performing federal functions possess sovereign immunity).  It is "axiomatic that the United States may not be sued without its consent," *United States v. Mitchell*, 463 U.S. 206, 212 (1983), which "must be unequivocally expressed in statutory text," not "implied," *Lane v. Pena*, 518 U.S. 187, 192 (1996) (cleaned up). Similarly, the Eleventh Amendment immunizes States and State officials, including state judges performing their judicial duties, from lawsuits filed against them in federal court absent their consent to be sued or Congress' "unequivocally expressed" intent to abrogate the States' sovereign

immunity.[1]  *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73 (2000); *see Munoz v. Superior Court of Los Angeles Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024) (applying Eleventh Amendment immunity to state judges).

III.

The "party bringing suit . . . bears the burden of proving" a waiver of sovereign immunity. *Tri-State Hospital Supply Corp. v. U.S.*, 341 F.3d 571, 575 (D.C. Cir. 2003).  Plaintiff brings this action under the Alien Tort Claims Act (ATCA), 28 U.S.C. § 1350, the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, and the International Covenant on Civil and Political Rights (ICCPR).  Compl., ECF No. 33-34; 50-52.  Since Plaintiff alleges that he "presented timely Notices of Tort Claims" under both ATCA and the Federal Tort Claims Act (FTCA) that were "constructively" denied, *id*. at 35 (citing 28 U.S.C. § 2675(a)), the Court considers the FTCA to be an additional legal basis for his claims.

Neither the ATCA nor the ICCPR waives the United States' immunity.  *See Kongari*, 2025 WL 785220, at *1 (finding no waiver of immunity under the ATCA) (citing cases)); *Smith v. Scalia*, 44 F. Supp. 3d 28, 39 (D.D.C. 2014), *aff'd*, 2015 WL 13710107 (D.C. Cir. Jan. 14 2015) (per curiam) ("the ICCPR does not waive sovereign immunity") (collecting cases)).  And although the FTCA provides a waiver of sovereign immunity for certain claims, it "has not rendered" the United States "liable for constitutional tort claims." *FDIC v.Meyer*, 510 U.S. 471, 478 (1994) (examining 28 U.S.C. § 1346(b)).  Moreover, the FTCA's waiver is limited "to circumstances

---

[1]  The Eleventh Amendment to the U.S. Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  The Supreme Court "long ago held that the Eleventh Amendment bars a citizen from bringing suit against the citizen's own State in federal court, even though the express terms of the Amendment refer only to suits by citizens of another State." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987).

3

where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Hornbeck Offshore Transp., LLC v. U.S.*, 569 F.3d 506, 508 (D.C. Cir. 2009) (quoting § 1346(b)(1)). Whereas Plaintiff's claims against the Commerce Department "arise purely out of a federal statutory scheme that has no local analog." *Id*. To the extent Plaintiff seeks amendment or correction of records maintained by Commerce or any other federal agency, his remedy lies in the Privacy Act, 5 U.S.C. § 552a(g), or the Administrative Procedure Act, 5 U.S.C. §§ 702-706, if, as alleged, he is not a U.S. citizen or lawful permanent resident with standing to sue under the Privacy Act. *See Patel v. Lyons*, --- F. Supp. 3d ---, 2026 WL 587640, at *6 (D.D.C. Feb. 27, 2026) (citing 5 U.S.C. § 552a(a)(2) (defining "individual")). But neither statute "establishes the private liability parallel" required to waive the United States' immunity. *Cummings v. Department of the Navy*, 279 F.3d 1051, 1056 (D.C. Cir. 2002).

IV.

Similarly, Plaintiff has not cited Georgia law or Alaska law waiving immunity nor federal law abrogating the States' immunity from this lawsuit. His claim for the immediate return of his children, Compl. at 20, is the province of custody proceedings in a properly situated State court, over which this Court cannot exercise jurisdiction and compel it to act. *See Klayman v. Rao*, 49 F.4th 550, 552 (D.C. Cir. 2022) (collecting cases); *Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (discussing *Rooker-Feldman* doctrine applicable to state court judgments). Therefore, this case will be dismissed by separate order.

_____/s/_____<br>
CHRISTOPHER R. COOPER<br>

Date: June 1, 2026                      United States District Judge

4